ATLAS GULF–COAST, INC. d/b/a Atlas Foundation Repair Company, Appellant,

v.

Robert E. STANFORD and Dorothy Stanford, Appellees.

and

In re Atlas Gulf–Coast, Inc. d/b/a Atlas Foundation Repair Company, Relator.

Nos. 14–08–00925–CV, 14–08–01155–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 20, 2009.

David Vandiver Wilson, Houston, for appellant.

Robert W. Loree, San Antonio, Ruth Ellen Piller, Houston, for appellees.

Panel consists of Chief Justice HEDGES and Justices YATES and FROST.

## OPINION

LESLIE B. YATES, Justice.

This is a consolidated petition for a writ of mandamus and direct interlocutory appeal by appellant/relator Atlas Gulf–Coast, Inc. d/b/a Atlas Foundation Repair Company ("Atlas") arising out of the trial court's order granting appellees Robert E. and Dorothy Stanford's motion to set aside an agreed arbitration order. We conclude that this matter is properly analyzed under the Texas General Arbitration Act rather than the Federal Arbitration Act, and we therefore deny the petition for writ of mandamus. We determine that we lack jurisdiction to consider the interlocutory appeal, and we therefore dismiss the appeal for lack of jurisdiction.

## Background

In February 2005, the Stanfords and Atlas entered into a foundation repair contract containing an arbitration provision. The Stanfords sued Atlas in May 2006, claiming Atlas's work was unacceptable and had damaged their home. According to the Stanfords, their lawyer told them that arbitration was unavoidable, and even though they did not want to arbitrate, they filed an agreed motion and order to send the case to arbitration based on advice of counsel. The trial court granted the agreed order in July 2007. In July 2008, the Stanfords obtained new counsel, who advised them that he believed they had several defenses to enforcement of the arbitration provision. In August 2008, the Stanfords' second attorney filed a motion to set aside the agreed arbitration order.

The trial court granted this motion, from which Atlas now appeals.

## Texas or Federal Arbitration Act?

■■■ In challenging the trial court's order, Atlas brought both a direct interlocutory appeal and a petition for writ of mandamus. Mandamus is the appropriate mechanism for challenging a trial court's order if the Federal Arbitration Act ("FAA") applies, and interlocutory appeal is the appropriate remedy under the Texas General Arbitration Act ("TGAA"). *See In re Valero Energy Corp.*, 968 S.W.2d 916, 916–17 (Tex.1998) (orig. proceeding); *TMI, Inc. v. Brooks*, 225 S.W.3d 783, 790–91 (Tex.App.-Houston [14th Dist.] 2007, pet. denied). The contract here states that "any dispute, controversy, or lawsuit between any of the parties to this Agreement about any matter arising out of this Agreement[ ] shall be resolved by mandatory and binding arbitration administered by the American Arbitration Association ("AAA") pursuant to the Texas General Arbitration Act." Unless the contract at issue specifically excludes the application of the FAA, the FAA applies, even if the TGAA also applies. *In re Olshan Foundation Repair Co.*, 277 S.W.3d 124, 127 (Tex. App.-Dallas 2009, pet. ref'd). A contract that specifically invokes the TGAA, such as the contract here, is deemed to exclude the FAA. *See id.* at 127–28. Thus, the FAA does not apply, and we deny the petition for writ of mandamus. *See TMI*, 225 S.W.3d at 791.

## Interlocutory Jurisdiction

■■■ Though the parties did not raise the issue of jurisdiction, we must address our jurisdiction on our own motion when necessary. *Bison Building Materials, Ltd. v. Aldridge*, 263 S.W.3d 69, 72 (Tex. App.-Houston [1st Dist.] 2006, pet. granted). If we conclude we have no jurisdic-

tion, we must dismiss the appeal. *Id.* Because statutes allowing interlocutory appeals derogate the general rule that only final judgments are appealable, we must strictly construe such statutes. *See Stary v. DeBord,* 967 S.W.2d 352, 352–53 (Tex.1998); *Bison,* 263 S.W.3d at 73; *Am. Online Inc. v. Williams,* 958 S.W.2d 268, 271 (Tex.App.-Houston [14th Dist.] 1997, no pet.). We have jurisdiction to review interlocutory orders only if a statute explicitly provides. *Bison,* 263 S.W.3d at 73.

The TGAA provides, in relevant part, that we have interlocutory jurisdiction over:

an order

(1) denying an application to compel arbitration made under Section 171.021; [or]

(2) granting an application to stay arbitration made under Section 171.023.

Tex. Civ. Prac. & Rem.Code Ann. § 171.098(a)(1), (2) (Vernon 2005). We analyze each of these two possible bases of jurisdiction.

■ We do not have jurisdiction under section 171.098(a)(1). This section allows an interlocutory appeal from an order denying an application to compel arbitration. Thus, this section requires, at a minimum, that the appellant have filed a motion to compel arbitration. Atlas never filed any kind of motion seeking to compel arbitration. The trial court granted an agreed motion to transfer the case to arbitration, and the Stanfords then filed a motion to set aside this arbitration order. Atlas never affirmatively requested the court to compel the Stanfords to arbitrate. In its post-submission brief addressing the issue of jurisdiction, Atlas argued that the order setting aside the agreed arbitration order effectively prevented arbitration and therefore had the same effect as denying a motion to compel arbitration. We dis-

agree. We are to strictly construe interlocutory appeal statutes and look for explicit language conferring jurisdiction. *See Bison,* 263 S.W.3d at 73. Atlas's interpretation would allow interlocutory jurisdiction over any decision that had the effect. of stopping arbitration, which is clearly broader than the statute's mandate and inconsistent with prior case law. *See Walker Sand, Inc. v. Baytown Asphalt Materials, Ltd.,* 95 S.W.3d 511, 513 (Tex. App.-Houston [1st Dist.] 2002, no pet.) (finding no interlocutory jurisdiction over order refusing to stay litigation until arbitration complete because no motion to compel arbitration filed); *In re MHI P'ship, Ltd.,* 7 S.W.3d 918, 920–21 (Tex. App.-Houston [1st Dist.] 1999, orig. proceeding) (finding no interlocutory jurisdiction over order deferring ruling on motion to compel arbitration); *see also In re J.D. Edwards World Solutions Co.,* 87 S.W.3d 546, 551 (Tex.2002) (orig. proceeding) ("Under the [TGAA], a party is entitled to an interlocutory appeal from an order denying an application to compel arbitration only if it is '*made under Section 171.021* [of the TGAA].'" (alterations and emphasis in original)).

We also do not have jurisdiction under section 171.098(a)(2). This section allows an interlocutory appeal from an order granting an application to stay arbitration and requires the trial court to grant an application to stay arbitration made specifically under section 171.023. Here, the Stanfords never filed a motion to stay arbitration; rather, their motion requested that the trial court set aside its earlier order granting the parties' agreed motion to arbitrate. Even if, based on the effect of the trial court's order, we construed this motion as the equivalent of a motion to stay arbitration, it still provides no basis for interlocutory jurisdiction. Section 171.098(a)(2) provides interlocutory juris-

diction only over orders granting stays under section 171.023. Section 171.023 provides that "a court may stay an arbitration commenced or threatened on application and *a showing that there is not an agreement to arbitrate.*" TEX. CIV. PRAC. & REM.CODE ANN. § 171.023(a) (Vernon 2005) (emphasis added). The Stanfords have never made any argument that an agreement to arbitrate does not exist. They have argued that the agreement is unenforceable for various reasons, but that is not the same as a contention that an agreement does not exist. *See In re U.S. Home Corp.*, 236 S.W.3d 761, 763 (Tex. 2007) (orig. proceeding) (distinguishing between concession that arbitration clause exists and arguments raising defenses to enforcement); *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 754, 756 (Tex.2001) (orig. proceeding) (noting that parties did not dispute existence of arbitration agreement and then examining defenses to enforcement, such as unconscionability). Therefore, strictly construing section 171.098(a)(2), as we must, we conclude there was no motion to stay arbitration on the grounds that an agreement to arbitrate does not exist, and therefore we have no interlocutory jurisdiction. *See W. Dow Hamm III Corp. v. Millennium Income Fund, L.L.C.*, 237 S.W.3d 745, 751–52 (Tex.App.-Houston [1st Dist.] 2007, no pet.) (finding no interlocutory jurisdiction over order granting stay of arbitration based on res judicata); *Kilroy v. Kilroy*, 137 S.W.3d 780, 783–84 (Tex.App.-Houston [1st Dist.] 2004, no pet.) (finding no interlocutory jurisdiction over order granting stay of arbitration to determine standing; trial court acknowledged arbitration agreement binding).

### Conclusion

We deny the petition for a writ of mandamus because this action is properly brought under the TGAA, not the FAA.

Further, we find that we have no interlocutory jurisdiction under the TGAA because Atlas never filed a motion to compel arbitration, and the Stanfords never filed a motion to stay arbitration based on an argument that no agreement to arbitrate exists. Therefore, we dismiss the interlocutory appeal for lack of jurisdiction.