**ATLAS GULF–COAST, INC., d/b/a Atlas Foundation Repair Company, Appellant,**

v.

**Robert E. STANFORD and Dorothy Stanford, Appellees.**

**No. 14–10–00493–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 21, 2010.

---

David Vandiver Wilson, Ruth Ellen Piller, Houston, for appellant.

Robert W. Loree, Edwin Todd Lipscomb, San Antonio, for appellees.

Panel consists of Chief Justice HEDGES, Justice YATES, and Senior Justice MIRABAL.*

## OPINION

MARGARET GARNER MIRABAL, Senior Justice.

Appellant Atlas Gulf–Coast, Inc., d/b/a Atlas Foundation Repair Company brings this interlocutory appeal from the trial court's order denying its motion to compel arbitration filed against appellees Robert E. Stanford and Dorothy Stanford. We affirm.

The Stanfords hired Atlas to repair the foundation on their home for a total price of $16,910. Unsatisfied with the work, the Stanfords brought suit against Atlas, alleging breach of contract. The agreement between the parties contains the following clause:

> Notwithstanding, any provision in this agreement to the contrary, any dispute, controversy, or lawsuit between any of the parties to this Agreement about any matter arising out of this Agreement, shall be resolved by mandatory and binding arbitration administered by the American Arbitration Association ("AAA") pursuant to the Texas General Arbitration Act and in accordance with this arbitration agreement and the com-

---

* Senior Justice Margaret Garner Mirabal, sitting by assignment.

mercial arbitration rules of the AAA. To the extent that any inconsistency exists between this arbitration agreement and such statutes by any court having jurisdiction and in accordance with the practice of such court (sic).

The parties initially agreed to resolve the dispute in arbitration and the trial court entered an agreed order to arbitrate, but the Stanfords later withdrew their consent after hiring a new attorney. The Stanfords asked the trial court to withdraw the agreed order to arbitrate, and Atlas opposed the request. The trial court granted the Stanfords' request to withdraw the arbitration order, and Atlas brought an interlocutory appeal, which we dismissed for lack of jurisdiction because Atlas had never filed a motion to compel arbitration. *See Atlas Gulf-Coast, Inc. v. Stanford,* 299 S.W.3d 356, 359–60 (Tex. App.-Houston [14th Dist.] 2009, no pet.). Atlas then filed a motion to compel arbitration under the Texas General Arbitration Act (TGAA) and the Federal Arbitration Act (FAA)[1] in the trial court, which the trial court denied, and this interlocutory appeal followed. In its sole issue, Atlas argues the trial court erred in denying its motion to compel arbitration.

■■■ Because statutes allowing interlocutory appeals derogate the general rule that only final judgments are appealable, we must strictly construe such statutes. *Stary v. DeBord,* 967 S.W.2d 352, 352–53 (Tex.1998); *Atlas,* 299 S.W.3d at 359. We have jurisdiction to review interlocutory orders only if a statute explicitly provides for jurisdiction. *Atlas,* 299 S.W.3d at 359.

■■■ The TGAA provides procedures for enforcement of arbitration agreements and authorizes an interlocutory appeal to challenge an order denying a motion to compel arbitration under the Act. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 171.001, 171.098 (West Supp.2005). The TGAA requires that an agreement to provide services to an individual where the total consideration to be furnished is not more than $50,000 must be in writing and signed "by each party and each party's attorney" for the arbitration agreement to be enforceable. *See id.* § 171.002(a)(2), (b)(1)-(2); *In re Olshan Found. Repair Co.,* 328 S.W.3d 883, 888, 891 (Tex.2010) (orig. proceeding). In this case, it is undisputed that the total consideration furnished was under $50,000 and that no attorney for the Stanfords signed the arbitration agreement at the time it was executed. Therefore, the arbitration agreement is unenforceable, and the trial court did not err in denying the motion to compel arbitration.

Atlas emphasizes that the Stanfords' attorney signed both the agreed motion to refer to arbitration and the actual order referring the case to arbitration. Neither of these signatures is to the original arbitration agreement itself, as is required by the plain language of section 171.002, and Atlas cites no authority indicating that a post-dispute signature can satisfy the requirement of a pre-agreement signature. Further, assuming that either or both of these other two documents can themselves

---

1. The direct appeal currently under consideration was made pursuant only to the TGAA and raises no arguments regarding the FAA. Atlas also filed a petition for a writ of mandamus, arguing that denying its motion was improper under the FAA. This court denied the petition. *See In re Atlas Gulf-Coast, Inc. d/b/a/ Atlas Found. Repair Co.,* No. 14–10–00660–CV, 2010 WL 2968339 (Tex.App.-Houston [14th Dist.] July 29, 2010, orig. proceeding). Further, we held in the first appeal in this matter that based on the language in the arbitration agreement, the FAA does not apply in this case, *Atlas,* 299 S.W.3d at 358, and the Texas Supreme Court has issued an opinion since then adopting this analysis. *See In re Olshan Found. Repair Co.,* 328 S.W.3d 883, 890, 898 (Tex.2010) (orig. proceeding).

be construed as independent. arbitration orders, they would be governed by chapter 154 of the Civil Practices and Remedies Code regarding court-ordered referrals of pending litigation, *see Porter & Clements, L.L.P. v. Stone,* 935 S.W.2d 217, 220 (Tex. App.-Houston [1st Dist.] 1996, no writ), and this chapter provides no authority for interlocutory appeals.

Atlas complains that enforcing the signature requirement would undermine the Texas policy encouraging arbitration because it would "require all parties who enter into any contract that contains an arbitration clause enforceable under the T[G]AA to engage counsel to sign the contract at issue—even if there is no other reason for the contracting parties to engage counsel at that point." We disagree. The provision at issue plainly applies only to agreements to provide "property, services, money, or credit in which the total consideration to be furnished by the individual is not more than $50,000." Tex. Civ. Prac. & Rem.Code Ann. § 171.002(a)(2). The TGAA exempted such agreements, as was the legislature's prerogative, and we see no reason why enforcing this exemption undermines the general policy favoring arbitration.

■ Finally, Atlas argues that the statement in the agreed motion to refer to arbitration that "The contract at issue between the parties contains a binding arbitration clause that the parties now agree controls any dispute" between them constitutes a binding judicial admission that the arbitration agreement is valid and that arbitration is proper. Judicial admissions must be clear and unequivocal and contained in a live pleading. *See Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 905 (Tex.2000). The statement in the agreed motion does not unequivocally surrender all defenses to the enforceability of the arbitration agreement. Further, the Stanfords' motion to withdraw the agreed order to arbitrate constitutes abandonment of the agreed motion to arbitrate, and judicial admissions cannot be based on an abandoned pleading. *See Horizon,* 34 S.W.3d at 905; *Sosa v. Cent. Power & Light,* 909 S.W.2d 893, 895 (Tex.1995). We reject Atlas's argument that the statement in the agreed motion to arbitrate saves the arbitration agreement from unenforceability for failing to meet the TGAA signature requirement.

We overrule Atlas's issue and affirm the trial court's order denying Atlas's motion to compel arbitration.