Affirmed and Opinion filed December 21, 2010.

In
The

Fourteenth
Court of Appeals



NO. 14-10-00493-CV



Atlas
Gulf-Coast, Inc., d/b/a Atlas Foundation Repair Company, Appellant

v.

Robert E.
Stanford and Dorothy Stanford, Appellees



On Appeal from
the 21st District Court

Washington County, Texas

Trial Court
Cause No. 33574



 

OPINION

Appellant Atlas Gulf-Coast, Inc., d/b/a Atlas
Foundation Repair Company brings this interlocutory appeal from the trial
court’s order denying its motion to compel arbitration filed against appellees
Robert E. Stanford and Dorothy Stanford.  We affirm.

The Stanfords hired Atlas to repair the foundation on
their home for a total price of $16,910.  Unsatisfied with the work, the
Stanfords brought suit against Atlas, alleging breach of contract.  The
agreement between the parties contains the following clause:

Notwithstanding, any
provision in this agreement to the contrary, any dispute, controversy,
or lawsuit between any of the parties to this Agreement about any matter
arising out of this Agreement, shall be resolved
by mandatory and binding arbitration administered by the American Arbitration
Association (“AAA”) pursuant to the Texas General Arbitration Act and in
accordance with this arbitration agreement and the commercial arbitration rules
of the AAA. To the extent that any inconsistency exists between this
arbitration agreement and such statutes by any court having jurisdiction and in
accordance with the practice of such court (sic).

The parties initially agreed to resolve the dispute
in arbitration and the trial court entered an agreed order to arbitrate, but
the Stanfords later withdrew their consent after hiring a new attorney.  The
Stanfords asked the trial court to withdraw the agreed order to arbitrate, and
Atlas opposed the request.  The trial court granted the Stanfords’ request to
withdraw the arbitration order, and Atlas brought an interlocutory appeal,
which we dismissed for lack of jurisdiction because Atlas had never filed a
motion to compel arbitration.  See Atlas Gulf-Coast, Inc. v. Stanford,
299 S.W.3d 356, 359–60 (Tex. App.—Houston [14th Dist.] 2009, no pet.).  Atlas
then filed a motion to compel arbitration under the Texas General Arbitration
Act (TGAA) and the Federal Arbitration Act (FAA)[1]
in the trial court, which the trial court denied, and this interlocutory appeal
followed.  In its sole issue, Atlas argues the trial court erred in denying its
motion to compel arbitration.

Because statutes allowing interlocutory appeals
derogate the general rule that only final judgments are appealable, we must
strictly construe such statutes.  Stary v. DeBord, 967 S.W.2d 342,
352–53 (Tex. 1998); Atlas, 299 S.W.3d at 359.  We have jurisdiction to
review interlocutory orders only if a statute explicitly provides for
jurisdiction.  Atlas, 299 S.W.3d at 359.

The TGAA provides procedures for enforcement of
arbitration agreements and authorizes an interlocutory appeal to challenge an
order denying a motion to compel arbitration under the Act.  See Tex. Civ. Prac. & Rem. Code Ann. §§ 171.001,
171.098 (West Supp. 2005).  The TGAA requires that an agreement to provide
services to an individual where the total consideration to be furnished is not
more than $50,000 must be in writing and signed “by each party and each party’s
attorney” for the arbitration agreement to be enforceable.  See id. §
171.002(a)(2), (b)(1)–(2); In re Olshan Found. Repair Co., No. 09-0432,
2010 WL 4910050, at *3, 6 (Tex. Dec. 3, 2010) (orig. proceeding).  In this
case, it is undisputed that the total consideration furnished was under $50,000
and that no attorney for the Stanfords signed the arbitration agreement at the
time it was executed.  Therefore, the arbitration agreement is unenforceable,
and the trial court did not err in denying the motion to compel arbitration.

Atlas emphasizes that the Stanfords’ attorney signed
both the agreed motion to refer to arbitration and the actual order referring
the case to arbitration.  Neither of these signatures is to the original
arbitration agreement itself, as is required by the plain language of section 171.002,
and Atlas cites no authority indicating that a post-dispute signature can
satisfy the requirement of a pre-agreement signature.  Further, assuming that either
or both of these other two documents can themselves be construed as independent
arbitration orders, they would be governed by chapter 154 of the Civil
Practices and Remedies Code regarding court-ordered referrals of pending
litigation, see Porter & Clements, L.L.P. v. Stone, 935
S.W.2d 217, 220 (Tex. App.—Houston [1st Dist.] 1996, no writ), and this chapter
provides no authority for interlocutory appeals.

Atlas complains that enforcing the signature
requirement would undermine the Texas policy encouraging arbitration because it
would “require all parties who enter into any contract that contains an
arbitration clause enforceable under the T[G]AA to engage counsel to sign the
contract at issue — even if there is no other reason for the contracting
parties to engage counsel at that point.”  We disagree.  The provision at issue
plainly applies only to agreements to provide “property, services, money, or
credit in which the total consideration to be furnished by the individual is not
more than $50,000.”  Tex. Civ. Prac.
& Rem. Code Ann. § 171.002(a)(2).  The TGAA exempted such
agreements, as was the legislature’s prerogative, and we see no reason why
enforcing this exemption undermines the general policy favoring arbitration.

Finally, Atlas argues that the statement in the
agreed motion to refer to arbitration that “The contract at issue between the
parties contains a binding arbitration clause that the parties now agree
controls any dispute” between them constitutes a binding judicial admission
that the arbitration agreement is valid and that arbitration is proper. 
Judicial admissions must be clear and unequivocal and contained in a live
pleading.  See Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887, 905
(Tex. 2000).  The statement in the agreed motion does not unequivocally
surrender all defenses to the enforceability of the arbitration agreement. 
Further, the Stanfords’ motion to withdraw the agreed order to arbitrate
constitutes abandonment of the agreed motion to arbitrate, and judicial
admissions cannot be based on an abandoned pleading.  See Horizon, 34
S.W.3d at 905; Sosa v. Cent. Power & Light, 909 S.W.2d 893, 895
(Tex. 1995).  We reject Atlas’s argument that the statement in the agreed
motion to arbitrate saves the arbitration agreement from unenforceability for
failing to meet the TGAA signature requirement.

We overrule Atlas’s issue and affirm the trial
court’s order denying Atlas’s motion to compel arbitration.

                                                                                    

                                                                        /s/        Margaret
Garner Mirabal

                                                                                    Senior
Justice

 

 

 

Panel consists of Chief Justice Hedges,
Justice Yates, and Senior Justice Mirabal.*

*Senior Justice Margaret Garner Mirabal,
sitting by assignment.









[1]
The direct appeal currently under consideration was made pursuant only to the
TGAA and raises no arguments regarding the FAA.  Atlas also filed a petition
for a writ of mandamus, arguing that denying its motion was improper under the
FAA.  This court denied the petition.  See In re Atlas Gulf-Coast, Inc.
d/b/a/ Atlas Found. Repair Co., No. 14-10-00660-CV, 2010 WL 2968339 (Tex.
App.—Houston [14th Dist.] July 29, 2010, orig. proceeding).  Further, we held
in the first appeal in this matter that based on the language in the
arbitration agreement, the FAA does not apply in this case, Atlas, 299
S.W.3d at 358, and the Texas Supreme Court has issued an opinion since then
adopting this analysis.  See In re Olshan Found. Repair Co., No.
09-0432, 2010 WL 4910050, at *5, 13 (Tex. Dec. 3, 2010) (orig. proceeding).