**Opinion filed November 30, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00291-CV

_____

## OAK CREEK HOMES, LP AND 21ST MORTGAGE CORPORATION, Appellants

## V.

## JOE AND BRENDA MOORE, Appellees

**On Appeal from the 259th District Court**
**Jones County, Texas**
**Trial Court Cause No. 022737**

### M E M O R A N D U M   O P I N I O N

This is an interlocutory appeal of the trial court's orders in which it granted Joe and Brenda Moore's motion to rescind the agreed order to arbitrate and in which it denied Oak Creek Homes, LP's and 21st Mortgage Corporation's motions to compel arbitration under the Federal Arbitration Act (FAA).  *See* 9 U.S.C. §§ 1–16; TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (West 2015).  Because we hold that we do not have jurisdiction to review either order, we dismiss this appeal for want of jurisdiction.

According to their pleadings, the Moores purchased a manufactured home and subsequently began to experience problems with the home to the point that it was "arguably uninhabitable." The home was manufactured by Oak Creek, and the Moores financed the home through 21st Mortgage. On April 23, 2012, the Moores sued both parties and alleged claims for breach of warranty and for violations of the DTPA.

In the process of purchasing the home, the Moores had signed two arbitration agreements: one with Nationwide Housing Systems L.P. dba Oak Creek Home Center and one with 21st Mortgage. After the Moores filed the suit, 21st Mortgage filed a motion to compel arbitration, and the parties subsequently agreed that the dispute should be resolved in arbitration. At this point in time, Oak Creek had not filed a motion to compel arbitration. On October 16, 2012, the trial court entered an agreed order in which it abated the case and compelled arbitration.

During the arbitration process, the Moores claimed that a conflict of interest had arisen due to the alleged relationship between the arbitrator and counsel for Oak Creek. As a result, the arbitrator withdrew. Subsequently, the Moores filed a motion to rescind the agreed order to arbitrate. On October 27, 2015, the trial court granted the motion to rescind and scheduled the case for trial for December 15, 2015.

Oak Creek and 21st Mortgage filed a joint notice of appeal in this court in which they sought to appeal the trial court's October 27, 2015 order. They filed their joint notice of appeal on November 16, 2015.

After they filed the joint notice of appeal, Oak Creek filed its first motion to compel arbitration in the trial court, and 21st Mortgage filed a new motion to compel. Oak Creek filed its motion to compel on December 3, 2015, and 21st Mortgage filed its new motion to compel on December 7. Again, after Oak Creek and 21st Mortgage had filed their joint notice of appeal, the trial court denied the motions to compel on December 8. The trial court also granted Appellants' joint motion to stay the lawsuit.

2

After the trial court denied the December motions to compel arbitration, Appellants, as Relators, filed a petition for writ of mandamus in which they claimed that the trial court abused its discretion when it denied their motions to compel. They filed the petition for writ of mandamus on December 30, 2015. Although, in their November 16, 2015 notice of appeal, the parties sought to appeal only from the October 27, 2015 order in which the trial court rescinded the agreed order to arbitrate, in their briefs, the parties challenge the trial court's December 8, 2015 denial of their motions to compel arbitration, as well as the October 27, 2015 order. We note that Appellants filed a motion for leave to file an amended notice of appeal on October 3, 2016, after this case was submitted at oral argument on September 29, 2016. In their proposed amended notice of appeal, Appellants do seek to appeal the October 27 and the December 8 orders.

On April 11, 2016, the Moores filed a motion to dismiss Appellants' interlocutory appeal for want of jurisdiction. In their motion, the Moores allege that this court does not have jurisdiction to hear an interlocutory appeal regarding the denial of a motion to compel arbitration when the arbitration agreement at issue is governed by the FAA. They contend that a party can seek an interlocutory appeal from the ruling on a motion to compel arbitration in state court only when the arbitration agreement is governed by the Texas General Arbitration Act (TGAA). The Moores further contend that mandamus relief is the appropriate mechanism by which Appellants must challenge the trial court's rulings.

We first note that, in their joint notice of appeal, Appellants stated, "This appeal is accelerated under Rule 28.1, as it is a statutory interlocutory appeal under TEX. CIV. PRAC. & REM. CODE § 171.098." Section 171.098 permits a party to appeal from a trial court's order in which it denied an application to compel arbitration when the arbitration agreement at issue is governed by the TGAA. CIV. PRAC. & REM. § 171.098(a)(1) (West 2011); *TMI, Inc. v. Brooks*, 225 S.W.3d 783, 790–91 (Tex.

3

App.—Houston [14th Dist.] 2007, pet. denied).  The arbitration agreements at issue here are governed by the FAA, not the TGAA.  Therefore, Section 171.098 is not applicable in this case.

Although this appeal is not governed by Section 171.098, the Moores are incorrect in their assertion that a party cannot seek an interlocutory appeal when the arbitration agreement at issue is governed by the FAA.  Section 51.016 was enacted in 2009 to allow an appellate court to hear an interlocutory appeal that concerned a trial court's order in which it denied a motion to compel arbitration when the FAA governs the arbitration agreement.  CIV. PRAC. & REM. § 51.016; *see also* 9 U.S.C. § 16(a)(1)(B), (C).  Therefore, generally, we would have jurisdiction to hear Appellants' appeal as to whether the trial court erred when it denied their motions to compel arbitration.  However, Appellants did not attempt to file a notice of appeal in which they sought to appeal from the trial court's order in which it denied their motions to compel until after this case was submitted.  When Appellants filed their initial notice of appeal in this court, they had not yet filed their December 2015 motions to compel in the trial court.  In their November 16, 2015 joint notice of appeal, Appellants stated that they sought to appeal from the trial court's October 27, 2015 order in which the trial court granted the Moores' motion to rescind the agreed order to arbitrate.  Appellants did not attempt to file a notice of appeal as to the trial court's December 8, 2015 order in which it denied Appellants' motions to compel until October 3, 2016, four days after we heard oral arguments in this case.

Rule 25.1(d)(2) of the Texas Rules of Appellate Procedure requires an appellant to state the date of the judgment or order that appellant is appealing.  An appellant may amend the notice of appeal to correct a defect or an omission at any time before the appellant files his brief and with leave of the appellate court after appellant files his brief.  TEX. R. APP. P. 25.1(g).  However, Rule 25 does not allow an appellant to amend a notice of appeal in which the appellant challenges one

4

particular interlocutory order to a challenge of an entirely different, separate interlocutory order. *Rainbow Grp., Ltd. v. Wagoner*, 219 S.W.3d 485, 492 (Tex. App.—Austin 2007, no pet.); *see also Dewalt v. State*, 417 S.W.3d 678, 688–91 & n.51 (Tex. App.—Austin 2013, pet. ref'd) (dismissing appeal for want of jurisdiction because appellant attempted to amend notice of appeal to include appeal of subsequent judgment nunc pro tunc where such notice was not amendable and the notice was filed too late to invoke jurisdiction over the subsequent judgment); *Perez v. Perez*, No. 09-06-521-CV, 2007 WL 5187895, at *6–7 (Tex. App.— Beaumont May 22, 2008, pet. denied) (mem. op.) (holding appellate court did not have jurisdiction to consider appellant's challenge to a post-trial petition to modify the parent-child relationship where appellant stated in his notice of appeal that he was only appealing from the final divorce decree); *Thomas v. Thomas*, No. 14-02-01286-CV, 2003 WL 1088220, at *2 (Tex. App.—Houston [14th Dist.] Mar. 13, 2003, no pet.) (per curiam) (mem. op.) (dismissing appeal for want of jurisdiction where appellant indicated in her notice of appeal that she was appealing from a different order than that which she later claimed to be appealing from and both orders were final and appealable orders that required notices of appeal).

Here, Appellants waited until after oral argument to file a motion for leave to file an amended notice of appeal to include the December order. Although Rule 25.1(g) permits this court to grant an appellant leave to amend the notice of appeal after an appellant has filed his brief, we decline to grant Appellants leave under the circumstances of this case where Appellants waited until after the case was submitted to seek leave to amend their notice of appeal. Appellants' motion for leave to file an amended notice of appeal is denied. Therefore, the question of whether an improperly amended notice of appeal was timely filed and could serve as a new notice of appeal is not before us. Instead of filing a subsequent notice of appeal in December 2015 as to the trial court's order denying their motions to

5

compel, Appellants filed a petition for writ of mandamus in this court on December 30, 2015.

In order to be entitled to mandamus relief, a party must show that the trial court committed a clear abuse of discretion and that the party does not have an adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Because Appellants had an adequate remedy through an interlocutory appeal under Section 51.016 by which they could have timely challenged the trial court's order in which it denied their motions to compel arbitration, we have on this day denied Appellants' petition for writ of mandamus in Cause No. 11-15-00334-CV. *See In re Santander Consumer USA, Inc.*, 445 S.W.3d 216, 217, 220–23 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding) (holding that relator failed to show that it did not have an adequate remedy by appeal where Section 51.016 provided relator with an avenue to seek immediate review of the trial court's order by which it denied relator's motion to compel—by filing an interlocutory appeal—even when relator failed to pursue the interlocutory appeal); *see also In re Hart of Tex. Cattle Feeders, LLC*, No. 07-16-00194-CV, 2016 WL 3180436, at *2 (Tex. App.—Amarillo June 2, 2016, orig. proceeding) (mem. op.) (denying petition for writ of mandamus where relator had an adequate remedy under Section 51.016 to pursue an interlocutory appeal of the trial court's order in which it denied its motion to compel arbitration); *In re Rent-a-Center*, No. 14-15-00450-CV, 2015 WL 3979089, at *1 (Tex. App.—Houston [14th Dist.] June 30, 2015, orig. proceeding) (per curiam) (mem. op.) (same); *In re Smart Call, LLC*, No. 14-13-00225-CV, 2013 WL 1197900, at *1–2 (Tex. App.—Houston [14th Dist.] Mar. 26, 2013, orig. proceeding) (per curiam) (mem. op.) (same). *See generally In re Arroyo*, 988 S.W.2d 737, 739 (Tex. 1998) (holding that the amended Rules of Appellate Procedure provided an adequate appellate remedy that was functionally identical to

6

mandamus review previously used to review an order in which the trial court sustained a challenge to an affidavit of indigence).

Furthermore, although not raised by either party, we decline to treat Appellants' November 16, 2015 notice as a premature notice of appeal of the trial court's December 8 order under the same rationale that a party cannot amend a previously filed notice of appeal to reflect that the party is actually appealing a different order entirely. To do so would be to allow Appellants to file a notice of appeal prior to the time that they even filed their December 2015 motions to compel and prior to the time at which the trial court heard and decided those motions. *See* TEX. R. APP. P. 27.1(a); *Ganesan v. Reeves*, 236 S.W.3d 816, 817 (Tex. App.—Waco 2007, pet. denied) (explaining that Rule 27.1 does not allow a party to file a notice of appeal as an appellate placeholder in anticipation of an appeal that may occur somewhere in the indefinite future and that to do so would cause too many uncertainties in the appellate process and timetable). In fact, we had already received the clerk's record in the interlocutory appeal prior to the dates on which Appellants filed their motions to compel in the trial court. This is not a situation in which the trial court had made a final ruling on a motion or in a bench trial but had not yet entered a final and appealable order or judgment.

Because Appellants failed to timely file a notice of appeal as to the trial court's December 8, 2015 order in which it denied their motions to compel and because we have denied Appellants' motion for leave, Appellants have failed to invoke the jurisdiction of this court over their interlocutory appeal. Therefore, we hold that we do not have jurisdiction to entertain Appellants' challenges to the trial court's December 8, 2015 order.

We now turn to whether we have jurisdiction to hear Appellants' interlocutory appeal of the trial court's October 27, 2015 order in which it rescinded the agreed order to arbitrate and set the case for trial. Section 51.016 provides that a party may

7

appeal an interlocutory order under the same circumstances that an appeal from a federal district court's order would be permitted by 9 U.S.C. § 16. Civ. Prac. & Rem. § 51.016. Section 16 provides, in relevant part, that an appeal may be taken from an order in which the trial court denies a petition to order arbitration to proceed or in which the trial court denies an application to compel arbitration in situations where one party has refused to arbitrate under a written agreement whether the agreement is domestic or foreign. 9 U.S.C. § 16(a)(1)(B), (C). The Supreme Court of Texas has explained that we are to "strictly apply statutes granting interlocutory appeals because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable." *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). "In considering the scope of section 16's jurisdictional grant, we first determine the nature of the order being appealed." *Id.* at 449.

In *Atlas Gulf-Coast, Inc. v. Stanford*, 299 S.W.3d 356, 358 (Tex. App.—Houston [14th Dist.] 2009, no pet.), the Fourteenth Court of Appeals was confronted with whether the court had jurisdiction to review the trial court's order in which it granted appellees' motion to set aside an agreed arbitration order. The TGAA governed the arbitration agreement in question. *Atlas Gulf-Coast*, 299 S.W.3d at 358. In its review of the TGAA, the court found that the TGAA allowed for an interlocutory appeal from an order denying an application to compel arbitration and that, at a minimum, the appellant was required to have filed a motion to compel arbitration in order for the appellate court to have jurisdiction over such an appeal. *Id.* at 359. Atlas argued that the order in which the trial court set aside the agreed arbitration order effectively prevented arbitration and, thus, had the same effect as an order in which a trial court denies a motion to compel arbitration. *Id.* The Fourteenth Court disagreed and explained that "Atlas's interpretation would allow interlocutory jurisdiction over any decision that had the effect of stopping arbitration, which is clearly broader than the statute's mandate and inconsistent with

8

prior case law." *Id.* Because Atlas never filed a motion to compel arbitration, the court dismissed the appeal for want of jurisdiction. *Id.* at 360.

A similar situation exists here, at least as to Oak Creek. Although the FAA, and not the TGAA, governs the arbitration agreements at issue in this case, the FAA similarly allows appeals from orders in which a trial court has denied a petition to order arbitration or from orders in which a trial court has denied an application to compel arbitration. *See* 9 U.S.C. § 16(a)(1)(B), (C). Thus, we agree with the rationale in *Atlas Gulf-Coast*, and we hold that, in order to be entitled to an interlocutory appeal, at a minimum, an appellant is required to have filed in the trial court a petition, application, or motion in which the party sought to compel arbitration. *See Atlas Gulf-Coast*, 299 S.W.3d at 359.

In its October 16, 2012 agreed order, the trial court states that it considered "Oak Creek Home LP's Motion to Compel Arbitration." However, the record before us reveals that no such motion was before the trial court at that time. Oak Creek acknowledged that it never filed a motion to compel prior to the agreed order to arbitrate because the Moores agreed to go to arbitration and, thus, it was unnecessary for Oak Creek to do so. Oak Creek did claim in their original answer that the sales contract for the manufactured home mandated that any and all disputes that arose out of or related to the home were subject to binding arbitration. However, Oak Creek did not file a motion to compel arbitration until December 3, 2015, five weeks after the trial court rescinded the agreed order to arbitrate and over two weeks after Appellants filed their November 2015 notice of appeal in this court. In its motion to compel, Oak Creek expressly stated, "This Motion to Compel Arbitration is being filed to cure any possible jurisdictional issues related to the arbitration of this matter and the pending interlocutory appeal of this Court's October 27, 2015 Order." Oak Creek also acknowledged in its motion to compel that the trial court had not yet

formally ruled on a motion to compel arbitration, including the motion to compel filed by 21st Mortgage in 2012.

Accordingly, Oak Creek could not bring an interlocutory appeal until after it filed its motion to compel arbitration on December 3, 2015, and after the trial court ruled on its motion on December 8, 2015. *See, e.g.*, *Ground Force Constr., LLC v. Coastline Homes, LLC*, No. 14-13-00649-CV, 2014 WL 2158160, at \*3 (Tex. App.—Houston [14th Dist.] May 22, 2014, no pet.) (mem. op.) (declining to interpret an order in which the trial court denied summary judgment as an order in which the trial court denied the motion to compel and holding that appellant could not bring an interlocutory appeal until after the trial court signed an order by which it denied appellant's motion to compel). Because Oak Creek did not file a motion to compel arbitration until after the trial court entered its October 27, 2015 order, we hold that we do not have jurisdiction to review the October 27, 2015 order as it pertains to Oak Creek.

We must now determine whether we have jurisdiction to review the October 27, 2015 order as it pertains to 21st Mortgage. 21st Mortgage did file a motion to compel arbitration prior to the trial court's order in which it rescinded the agreed order to arbitrate, as well as after the trial court entered its October 27, 2015 order. 21st Mortgage filed its first motion to compel on October 9, 2012, and its second motion to compel on December 7, 2015.

If we are to strictly apply Section 51.016 and the express language of the FAA, we do not have jurisdiction to review the October 27, 2015 order as it applies to 21st Mortgage. In the October 27, 2015 order, the trial court granted the Moores' motion to rescind the order to arbitrate and set the case for trial for December 15, 2015. Although it could be argued that the effect of the trial court's October 27, 2015 order was to order the parties to proceed to trial instead of arbitration, the order does not expressly deny 21st Mortgage's motion to compel arbitration that it filed in October

2012. *See CMH Homes*, 340 S.W.3d at 449 ("While it may be argued that by appointing an arbitrator the order implicitly compels the parties to arbitration, the order does not explicitly grant Perez's motion to compel and does not explicitly compel the parties to arbitrate their dispute."). In addition, neither during the hearing on the motion to rescind, nor in their responses to the motion to rescind, did Appellants argue that the trial court should grant the 2012 motion to compel. Instead, Appellants asked the trial court to deny the Moores' motion to rescind the agreed order.

When courts of appeals have strictly construed Section 51.016, they have held that parties are not permitted to seek an interlocutory appeal of an order by which a trial court indirectly prevents arbitration but in which it does not specifically deny a motion to compel arbitration. For example, the Eighth Court of Appeals has held that it did not have jurisdiction to review a trial court's order in which it deferred ruling on a motion to compel arbitration even when the trial court permitted discovery. *See ReadyOne Indus., Inc. v. Guillen-Chavez*, 394 S.W.3d 724, 726–28 (Tex. App.—El Paso 2012, no pet.) (dismissing the appeal for want of jurisdiction where appellant sought to appeal from an order in which the trial court permitted arbitration-related discovery and expressly postponed its ruling on the motion to compel until after such discovery was completed). The First Court has held that it did not have jurisdiction where, in the order from which the appellant appealed, the trial court denied the appellant's request to stay or to abate the proceedings in the trial court until after arbitration was completed. *Walker Sand, Inc. v. Baytown Asphalt Materials, Ltd.*, 95 S.W.3d 511, 515–16 (Tex. App.—Houston [1st Dist.] 2002, no pet.). The court explained that the appellant's motion that the trial court denied was not an application to compel arbitration but was instead a request to stay the trial court's proceedings. *Id.*

11

Several courts of appeals have also determined that they did not have jurisdiction to review the denial of a motion to reconsider a trial court's order in which it denied a motion to compel arbitration. *See Nazareth Hall Nursing Ctr. v. Castro*, 374 S.W.3d 590, 591–92 (Tex. App.—El Paso 2012, no pet.) (relying on cases from the Fourth, Sixth, and Ninth Courts of Appeals to support its holding that it did not have jurisdiction over the appellant's appeal of a motion to reconsider where the appellant did not timely pursue an interlocutory appeal from the actual order in which the trial court denied the motion to compel arbitration).

In *Beldon Roofing Company*, the Thirteenth Court was called upon to determine whether the appellant's notice of appeal was untimely. The trial court had entered an order the year prior to the time that the appellant filed its notice of appeal. In that order, the trial court dismissed claims brought by the appellant against the appellee, and it also realigned the parties. *Beldon Roofing Co. v. Sunchase IV Homeowners' Ass'n, Inc.*, 494 S.W.3d 231, 235–36 (Tex. App.—Corpus Christi 2015, no pet.). The appellee argued that the effect of the prior order was to deny arbitration under the FAA and, thus, that the appellant's notice of appeal was untimely filed. *Id.* at 236–37. The court explained that to accept the appellee's argument "would permit interlocutory jurisdiction over any order denying a motion that had the effect of delaying or preventing arbitration regardless of the relief actually requested in the motion." *Id.* at 237.

The same can be said here. The trial court heard and ruled on the Moores' 2015 motion to rescind the agreed order to arbitrate, not 21st Mortgage's 2012 motion to compel arbitration. While the two motions could have been heard together, they were not heard together, nor did 21st Mortgage ever urge the trial court to rule on its motion. Although Appellants argued that the arbitration agreements were binding and enforceable, the specific relief that Appellants requested in their responses to the Moores' motion was not for the trial court to grant

a motion to compel but was for the trial court to deny the Moores' motion to rescind the agreed order. Because we are to strictly construe statutes authorizing interlocutory appeals and because the trial court did not expressly consider and deny 21st Mortgage's 2012 motion to compel in its 2015 order granting the Moores' motion to rescind, we hold that we do not have jurisdiction under Section 51.016 to review the trial court's October 27, 2015 order.

Furthermore, we note that we cannot review this order as part of Appellants' petition for writ of mandamus in Cause No. 11-15-00334-CV because Appellants did not challenge the October 27, 2015 order in that proceeding. Appellants challenged only the denial of their December 2015 motions to compel.

Accordingly, we dismiss this appeal for want of jurisdiction.


JIM R. WRIGHT
CHIEF JUSTICE


November 30, 2016

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.