**Opinion issued February 21, 2013.**



In The

# Court of Appeals

For The

## First District of Texas

————————————

### NO. 01-12-00728-CV

————————————

**IN RE SANTANDER CONSUMER USA, INC., Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

## O P I N I O N

The trial court denied Santander Consumer USA, Inc.'s motion to compel arbitration pursuant to the Federal Arbitration Act.[1] Although the Civil Practice and Remedies Code provides for immediate, interlocutory review of the denial of a motion to compel arbitration under the FAA, Santander did not appeal the trial

---

[1]    The underlying case is *Bonner v. Santander Consumer USA, Inc.*, No. 2011-76048 in the 80th District Court of Harris County, Texas, the Honorable Larry Weiman presiding.

court's order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (West Supp. 2011) ("In a matter subject to the [FAA], a person may take an appeal . . . to the court of appeals from the judgment or interlocutory order of a district court, county court at law, or county court under the same circumstances that an appeal from a federal district court's order or decision would be permitted by 9 U.S.C. Section 16."); 9 U.S.C. § 16(a)(1)(C) (2006) (FAA provision permitting appeals of orders denying application to compel arbitration); *CMH Homes v. Perez*, 340 S.W.3d 444, 448−49 (Tex. 2011) (explaining that section 51.016 provides for interlocutory appeals in FAA cases so long as "it would be permitted under the same circumstances in federal court under section 16"). Instead, after the expiration of the time for filing an interlocutory appeal, Santander challenged the trial court's order by petition for writ of mandamus. We conclude that the writ should not issue under the circumstances of this case, and we therefore deny Santander's petition.

## Background

Jan Bonner executed a retail installment contract and security agreement with Ron Hoover RV and Marine for the purchase of boating equipment. An assignment from Ron Hoover to GEMB Lending, Inc. appears on the face of the contract. Santander alleges that it later acquired the contract from GEMB. When Santander attempted to collect amounts due under the contract from Bonner, Bonner filed the underlying lawsuit alleging that he was not liable to Santander on

2

the contract and that Santander's collection efforts violated the Texas Fair Debt Collection Practices Act and the Texas Deceptive Trade Practices Act. Santander answered the lawsuit and moved to compel arbitration pursuant to an arbitration clause in the contract providing in pertinent part:

> [A]ny claim or dispute in contract, tort, statute or otherwise . . . that arises out of or relates to your credit application, this Contract or any resulting transaction or relationship, including those with third parties who do no sign this Contract, is to be decided by neutral binding arbitration. . . . The Federal Arbitration Act (9 U.S.C. § 1 et seq.) governs this arbitration agreement and not any state law concerning arbitration, including state law arbitration rules and procedures.

Bonner opposed the motion to compel on the ground that Santander failed to establish that it had properly acquired the contract from GEMB. The trial court denied Santander's motion.

Rather than file a timely notice of interlocutory appeal from the trial court's order denying the motion to compel arbitration, Santander filed this petition for writ of mandamus more than forty days after the time for taking an interlocutory appeal had expired.

## Mandamus Standard

The standard for the issuance of a writ of mandamus is well established. The writ will issue only if the trial court clearly abused its discretion and, relevant here, the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135−36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827

S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Although "the standard's 'operative word, "adequate", has no comprehensive definition' and demands a 'careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts,' mandamus will not issue when the law provides another plain, adequate, and complete remedy." *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding) (quoting *In re Prudential*, 148 S.W.3d at 135−36); *see also In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding) ("Mandamus should not issue to correct grievances that may be addressed by other remedies."); *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984) (orig. proceeding) (holding mandamus will not issue where there is "a clear and adequate remedy at law, such as a normal appeal").

### Santander has not established its entitlement to mandamus relief

According to Santander, the Texas Supreme Court has determined that mandamus is the appropriate remedy for the wrongful denial of a motion to compel arbitration under the FAA without the necessity of demonstrating the lack of an adequate appellate remedy on a case-specific basis. *See, e.g.*, *In re Dillard Dept. Stores, Inc.*, 198 S.W.3d 778, 782 (Tex. 2006) (orig. proceeding, per curiam) (granting writ of mandamus and ordering trial court to vacate its order denying

motion to compel arbitration without reviewing whether an adequate remedy existed); *In re Vesta Ins. Group, Inc.*, 192 S.W.3d 759, 763−64 (Tex. 2006) (orig. proceeding, per curiam) (same). The Court first addressed the issue of whether to grant mandamus relief to a party denied arbitration under the FAA in *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 269, 272 (Tex. 1992) (orig. proceeding). There, the Court determined that a party improperly denied the benefit of arbitration under the FAA had no right to an interlocutory appeal and "urge[d] the legislature to consider amending the Texas [Arbitration] Act to permit interlocutory appeals of orders issued pursuant to the Federal Act." *Id.* at 272. The Court stated, "Such a procedure, already available for orders under the Texas Act, [would be] preferable to reliance on the writ of mandamus to fill this gap in appellate jurisdiction." *Id.* Until such time as the legislature acted, the Court determined that a party could seek mandamus relief or else the very subject of an appeal—the right not to litigate but to arbitrate as contracted for by the parties—would be rendered illusory. *Id.* Absent mandamus relief, the party seeking arbitration "would be deprived of the benefits of the arbitration clause it contracted for, and the purpose of providing a rapid, inexpensive alternative to traditional litigation would be defeated." *Id.* at 272−73.

The legislature responded to the Court's request and closed the gap in appellate jurisdiction by enacting section 51.016 of the Civil Practice and

Remedies Code, which authorizes interlocutory appeals under the FAA in suits filed after September 1, 2009. *See* Act of June 19, 2009, 81st Leg., R.S., ch. 820, § 2, 2009 Tex. Gen. Laws. 2061 (codified at TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (West Supp. 2011)); *CMH Homes*, 340 S.W.3d at 448−49.

Santander does not dispute that section 51.016 confers a right to prosecute an accelerated, interlocutory appeal of the trial court's order denying the motion to compel arbitration in this case. This is not a case in which the parties are uncertain whether the FAA applies—they have expressed agreement on that matter.[2] And the underlying case was filed in December 2011, more than two years after section 51.016's effective date. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.016. Yet Santander does not offer any explanation for its failure to timely appeal the trial court's order. Instead, Santander argues that because section 51.016 uses permissive language—a party "may" appeal a judgment or interlocutory order that would be appealable under the FAA—its failure to exercise the appellate remedy provided therein does not constitute a waiver of the right to challenge the trial court's order by petition for writ of mandamus.[3] *Id.* Stated differently, Santander

---

[2] The arbitration provision at issue explicitly designates arbitration pursuant to the FAA, Santander's motion to compel specifically requested arbitration under the FAA, and the parties have both stated that arbitration would be under the FAA in their briefing in this Court.

[3] Santander's exclusive argument in its petition was that the trial court erred in denying its motion to compel; Santander did not address whether it had an

6

argues that because section 51.016 does not *require* an interlocutory appeal of the trial court's order as the sole means of challenging such an order, Santander may pursue mandamus relief under Texas Supreme Court authority predating the enactment of section 51.016. *See, e.g.*, *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 780 (Tex. 2006) (orig. proceeding); *Jack B. Anglin*, 842 S.W.2d at 272. Thus, Santander essentially contends that a party improperly denied arbitration may *always* either take an interlocutory appeal or request mandamus relief and if it chooses mandamus, that party need not demonstrate any case-specific reason why an appeal was not adequate. Bonner, on the other hand, contends that because an avenue for immediate review exists through interlocutory appeal, a party may *never* obtain mandamus relief.

---

adequate remedy by appeal except to summarily state that "[m]andamus is appropriate to review a trial court's ruling on a motion to compel arbitration." Bonner in reply contended that Santander had an adequate remedy at law because of the availability of an interlocutory appeal and therefore was not entitled to mandamus relief. Neither party has cited any authority discussing whether mandamus relief is available when the relator has disregarded its right to an interlocutory appeal. We issued an order in which we noted that mandamus "will issue only to correct an abuse of discretion for which there is not adequate remedy by appeal" and requested that Santander file a supplemental brief "explaining why the petition should not be denied because section 51.016 of the Texas Civil Practice and Remedies Code provides for immediate review of an order denying a motion to compel arbitration under the FAA by interlocutory appeal." Santander then filed a supplemental brief asserting this argument regarding the permissive nature of interlocutory appeals and citing *Hernandez v. Ebrom*, 289 S.W.3d 316 (Tex. 2009) and *Texas LaFiesta Auto Sales, LLC v. Belk*, 349 S.W.3d 872 (Tex. App.—Houston [1st Dist.] 2011, no pet.), both of which we discuss below.

Santander's argument relies on *Hernandez v. Ebrom*, a case in which the Texas Supreme Court determined that a defendant's failure to challenge the adequacy of an expert report by interlocutory appeal under section 51.014(a)(9) of the Civil Practice and Remedies Code did not bar the defendant from challenging the report by appeal from a final judgment. 289 S.W.3d 316, 318−19 (Tex. 2009); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9) (West Supp. 2011) (authorizing interlocutory appeal of orders denying all or part of challenge to expert reports in health-care-liability claims). The Court reasoned, "The Legislature *authorized* health care providers to pursue interlocutory appeals from trial court denials of challenges to plaintiffs' expert reports, but we see no indication that the Legislature effectively *mandated* interlocutory appeals by providing that if no appeal was taken, then the health care provider waived the right to challenge the report under all circumstances." *Id.* at 319. While *Hernandez* supports Santander's assertion that a challenge to the trial court's denial of arbitration under the FAA is not waived by Santander's failure to pursue an interlocutory appeal, *Hernandez* does not clarify whether Santander may have immediate review of its challenge by petition for writ of mandamus. *Hernandez* merely protects Santander's right to assert his complaint at some later time, specifically, on appeal from a final judgment.[4] *See id.*

---

[4] Santander also cites *Belk* for the proposition that the enactment of section 51.016

In the cases cited by Santander, which predate section 51.016's enactment, the Texas Supreme Court recognized mandamus as the appropriate remedy for the wrongful denial of motions to compel arbitration under the FAA only because there was no alternative appellate remedy at the time. *See In re D. Wilson Constr. Co.*, 196 S.W.3d at 780; *Jack B. Anglin*, 842 S.W.2d at 272−73. Mandamus functioned as a "statutory 'gap-filler.'"[5] *In re Reece*, 341 S.W.3d 360, 395 (Tex. 2011) (Willett, J., dissenting).

---

did not eliminate mandamus as a remedy in all cases in which a party is wrongfully denied arbitration rights under the FAA. 349 S.W.3d at 872. In *Belk*, the parties disputed whether the challenged order compelled or denied arbitration. The court, in stating that "mandamus relief remains potentially available to the appellants, as 'mandamus is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal, as when a party is erroneously denied its contracted-for arbitration rights under the FAA,'" recognized only that mandamus may still serve as a gap-filler if interlocutory appeal is not statutorily authorized. *Id.* at 879 (quoting *CMH Homes*, 340 S.W.3d at 452).

[5] Mandamus has also served a "gap-filling" purpose in other arbitration contexts. For instance, in *CMH Homes*, the parties contracted to name their arbitrator but were unable to reach agreement on the issue. The trial court intervened and appointed an arbitrator. CMH Homes filed an interlocutory appeal challenging the appointment. The court of appeals concluded that it lacked jurisdiction to decide the interlocutory appeal, and the Supreme Court affirmed the court of appeals' judgment. *CMH Homes*, 340 S.W.3d at 452. In affirming, however, the Court cited *In re Louisiana Pacific Corp.*, 972 S.W.2d 63 (Tex. 1998), in which the Court had concluded that a trial court's order appointing an arbitrator could be reviewed by mandamus. The Court stated that its holding in *Louisiana Pacific* was not altered by the Legislature's adoption of section 51.016 because "[t]here is still no remedy by appeal because the FAA does not provide for the review of this type of order [appointing an arbitrator] in state court" and instructed that the court of appeals should treat the impermissible appeal as a petition for writ of mandamus since CMH Homes had invoked the court of appeals' original jurisdiction by requesting such treatment. *CMH Homes*, 340 S.W.3d at 452.

9

This case, however, is distinguishable from the cases in which parties challenging the denial of a motion to compel arbitration under the FAA were granted mandamus relief in the past because the statutory gap with respect to the availability of immediate appellate review no longer exists. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.016. Thus, unlike the parties seeking relief before section 51.016's enactment, Santander had an avenue for immediate appellate review of the trial court's order denying its motion to compel arbitration under the FAA. *See id.* ("In a matter subject to the [FAA], a person may take an appeal . . . to the court of appeals from the judgment or interlocutory order of a district court, county court at law, or county court under the same circumstances that an appeal from a federal district court's order or decision would be permitted by 9 U.S.C. Section 16."); 9 U.S.C. § 16(a)(1)(C) (permitting appeals of orders denying application to compel arbitration); *see also* TEX. R. APP. P. 29.3 (authorizing appellate courts to "make any temporary orders necessary to preserve the parties' rights until disposition of the [interlocutory] appeal . . . .").

This case could potentially raise the question of whether Santander's petition must be categorically denied because section 51.016 would have afforded Santander a remedy by appeal had Santander timely availed itself of the statute, as mandamus is not ordinarily available if another remedy, though it would have been adequate and complete, was not exercised. *See In re Tex. Dep't of Family &*

*Protective Servs.*, 210 S.W.3d at 613 ("[M]andamus will not issue when the law provides another plain, adequate, and complete remedy."); *see also In re Columbia Med. Ctr.*, 290 S.W.3d at 207 ("Mandamus should not issue to correct grievances that may be addressed by other remedies."). But we need not decide that issue for every future case by announcing a rule applicable to all cases; instead we limit ourselves to the record presented here.

The Texas Supreme Court demonstrated judicial restraint in the application of mandamus principles in *In re Texas Department of Family & Protective Services*. There, the trial court abused its discretion by failing to dismiss a suit affecting the parent-child relationship within the statutory deadline. 210 S.W.3d at 613; *see also* TEX. FAM. CODE ANN. § 263.401(a) (West 2011) ("Unless the court has commenced the trial on the merits or granted an extension . . . , on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, the court shall dismiss the suit affecting the parent-child relationship . . . ."). The Court, after acknowledging the special need for accelerated disposition of cases involving child custody, concluded that, nevertheless, mandamus was not available because "an accelerated appeal provided an adequate remedy." *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d at 613−14. The Court made clear that the scope of its holding was narrow, declining to foreclose mandamus relief from a trial court's

failure to dismiss a SAPCR within the statutory deadline in all cases and stating that, "under the facts of this case, [the Court cannot] conclude that an accelerated appeal was not an adequate remedy." *Id.* at 614.

Following the Court's cautious approach in *In re Texas Department of Family & Protective Services*, we decline to announce a broad rule applying in all cases. Rather than state a blanket rule that mandamus is never available when a party does not take an interlocutory appeal from an order denying a motion to compel arbitration under the FAA (as suggested by Bonner and as the concurrence would hold), we conclude that judicial restraint requires us to consider only the circumstances presented by this case and to make a narrow holding that Santander has not demonstrated its entitlement to the writ here.[6]

First, Santander has not demonstrated that a timely filed, accelerated appeal would not have afforded it a complete and adequate remedy. It is unnecessary to determine whether, by creating an avenue of appeal under section 51.016, the Legislature has by implication negated one of the elements of obtaining mandamus

---

[6]     *See, e.g.*, *VanDevender v. Woods*, 222 S.W.3d 430, 433 (Tex. 2007) (noting "the cardinal principle of judicial restraint—if it is not necessary to decide more, it is necessary not to decide more" (quoting *PDK Labs., Inc. v. U.S. Drug Enforcement Admin.*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring))); *In re Higby*, 325 S.W.3d 740, 744 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding) (declining to address substantive legal arguments about application of medical peer-review privilege when relator failed to present adequate record to facilitate review).

relief (no adequate remedy by appeal) in other cases.[7] It is sufficient here to decide that under the facts of this case Santander has not demonstrated that the benefits of proceeding by mandamus outweigh the detriments. *See In re Prudential*, 148 S.W.3d at 136 (requiring "careful balance" of "jurisdprudential concerns" in determining whether "any benefits to mandamus review are outweighed by the detriments"). *Prudential* provides that the requirement of an "adequate" remedy on appeal is not subject to simple categories or bright-line rules and instead "is simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts." *Id*. The test "is practical and prudential." *Id.* A complete

---

[7] Citing section 51.016, other courts of appeals have dismissed petitions for writ of mandamus challenging the trial court's denial of arbitration under the FAA without substantive discussion of the change in the law. *See, e.g.*, *In re H.D. Vest, Inc.*, 334 S.W.3d 333, 334 (Tex. App.—El Paso 2010, orig. proceeding) (denying petition for writ of mandamus because section 51.016 afforded relator appellate review of order denying motion to compel arbitration under FAA); *In re Green Tree Servicing, LLC*, No. 04-12-00277-CV, 2012 WL 1744264, at *1 (Tex. App.—San Antonio May 16, 2012, orig. proceeding) (mem. op., per curiam) (same); *In re Tutle & Tutle Trucking, Inc.*, No. 05-10-01234-CV, 2010 WL 3946443, at *1 (Tex. App.—Dallas Oct. 11, 2010, orig. proceeding) (same); *In re Unit Tex. Drilling, LLC*, No. 13-10-00267-CV, 2010 WL 2696603, at *1 (Tex. App.—Corpus Christi July 6, 2010, orig. proceeding) (mem. op., per curiam) (same). Neither Santander nor Bonner cite or discuss these cases. Only one of these contains any discussion of the law, *In re H.D. Vest*; the others are summary dispositions. But *In re H.D. Vest* does not address the tension of recognizing a bright-line rule prohibiting mandamus relief when an interlocutory appeal is available and the Supreme Court's guidance that "[m]andamus is a remedy not restricted by 'rigid rules' that are 'necessarily inconsistent with the flexibility that is the remedy's principle virtue.'" *In re Reece*, 341 S.W.3d at 374 (quoting *In re Prudential*, 148 S.W.3d at 138).

13

analysis of the adequacy of appellate remedies requires consideration of the degree to which "important substantive and procedural rights" are subject to "impairment or loss" as one of the factors affecting the adequacy of appeal,[8] none of which is discussed by Santander.

Without briefing on the benefits and detriments of mandamus review, we conclude that it would be unnecessary and advisory to announce a bright-line rule that a party who fails to exercise its statutory remedy of interlocutory appeal has an adequate remedy in every circumstance.[9] We therefore refuse to speculate on whether a remedy that in fact existed through interlocutory appeal, but was not exercised, is always "adequate." Furthermore, it is unnecessary for us to decide whether practical or prudential concerns countenance ever permitting a party to proceed in an original proceeding or whether the balancing of such concerns would only create an impermissible end-run around the rules for filing interlocutory appeals. *See, e.g.*, TEX. R. APP. P. 26.1(b) (requiring notice of accelerated appeal to

---

[8] *E.g.*, *In re Prudential*, 148 S.W.3d at 136; *In re Reece*, 341 S.W.3d at 374; *In re Gulf Exploration, LLC*, 289 S.W.3d 836, 843 (Tex. 2009) (orig. proceeding); *In re GlobalSantaFe Corp.*, 275 S.W.3d 477, 483 (Tex. 2008) (orig. proceeding); *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding); *In re Derzapf*, 219 S.W.3d 327, 334 (Tex. 2007) (orig. proceeding).

[9] The concurrence suggests that we are rendering an advisory opinion by refusing to rule on the ground that we cannot make a rule applicable in all cases under all circumstances. But it is the concurrence that suggests a broad rule that would necessarily implicate fact patterns not before us. We therefore are not issuing an impermissible advisory opinion; the exact opposite is true—we are refusing to announce a broad rule when it is unnecessary to do so.

14

be filed within twenty days after the judgment or order is signed). Nor will we speculate whether any exceptional circumstances exist here that would excuse Santander's failure to pursue an interlocutory appeal or otherwise warrant the issuance of mandamus relief in this case.

In refusing to engage in such speculation—without the benefit of any briefing pertinent to the issue—we are not, as our concurring colleague suggests, expressing an opinion that there *could* be circumstances under which section 51.016 might fail to provide a complete remedy. We merely decline to give an advisory opinion on that issue in this case. We conclude instead that Santander has not carried its burden to establish the inadequacy of its remedies on appeal, and therefore it has not established its entitlement to mandamus relief. *See In re Reece*, 341 S.W.3d at 374 (observing that mandamus is extraordinary remedy issued not as matter of right but at court's discretion).[10]

---

[10] Although we are not required to issue any opinion explaining the denial of mandamus relief, *see* TEX. R. APP. P. 52.8(d), our determination and explanation that Santander failed to carry its burden to demonstrate its right to mandamus relief is fully sufficient to address every issue "necessary to final disposition" of this original proceeding. *Cf.* TEX. R. APP. P. 47.1.

## Conclusion

Having concluded that Santander has not established its entitlement to mandamus relief, we deny the petition. All outstanding motions are overruled as moot.


Harvey Brown
Justice

Panel consists of Justices Keyes, Massengale, and Brown.

Justice Keyes, concurring only in the judgment.