**Petition for Writ of Mandamus Denied and Memorandum Opinion filed March 26, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00225-CV

### IN RE SMART CALL, LLC, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-25504**

## MEMORANDUM OPINION

On March 15, 2013, relator Smart Call, LLC filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Al Bennett, presiding judge of the 61st District Court of Harris County, to set aside his order denying its motion to compel arbitration and to grant the motion. Relator also filed a motion for emergency relief asking that we stay all proceedings below, including

the trial of the underlying case scheduled to commence Monday, March 18, 2013. *See* Tex. R. App. P. 52.10. We denied the emergency motion on March 15, 2013.

The real party in interest, Genio Mobile, Inc., filed suit against relator in 2010 to recover set up fees paid to relator in connection with the proposed provision of wireless communication goods and services. Relator filed a special appearance, which was denied September 30, 2010. This court affirmed the denial on August 25, 2011. *See Smart Call, LLC v. Genio Mobile,* 349 S.W.3d 755 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Relator moved to compel arbitration on March 5, 2013, asserting that the alleged arbitration agreement was governed by the Federal Arbitration Act. The real party objected, stating that no contract containing an agreement to arbitrate exists. The trial court conducted a hearing on March 8, 2013, and denied the motion by written order on March 14, 2013. Relator immediately filed a notice of interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.016. The following day, relator filed this proceeding.

Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion and (2) the party requesting mandamus relief has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against its detriments. *Id.* at 136. In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *Id.*

In this case, relator has an adequate remedy in the interlocutory appeal that it perfected on March 14, 2013.[1] *See In re Columbia Med. Ctr. of Las Colinas*, *Subsidiary, L.P.,* 290 S.W.3d 204, 207 (Tex. 2009) ("Mandamus should not issue

---

[1] The interlocutory appeal remains pending before this court. *See Smart Call, LLC v. Genio Mobile, Inc.,* No. 14-13-00223-CV (Tex. App.—Houston [14th Dist.]).

to correct grievances that may be addressed by other remedies."). In 2009, the legislature enacted section 51.016 of the Civil Practice and Remedies Code at the urging of the Texas Supreme Court, which had argued that interlocutory appeal, already available to arbitration orders under the Texas Act, was "preferable to reliance on the writ of mandamus to fill this gap in appellate jurisdiction." *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992).

Relator filed a motion for emergency stay in the appeal. *See* Tex. R. App. P. 29.3 (providing that appellate court may make temporary orders during pendency of interlocutory appeal). We denied the motion for stay on March 15, 2013. *See Perry Homes v. Cull*, 258 S.W.3d 589, 590 (Tex. 2008) (holding that homeowners were not entitled to compel arbitration after waiting until the eve of trial to request it).

Relator has not demonstrated that it is entitled to extraordinary relief. *See In re Prudential*, 148 S.W.3d at 136; *see also In re Santander Consumer USA, Inc.,* ___ S.W.3d ___, No. 01-12-00728-CV, 2013 WL 652721, *5 (Tex. App.— Houston [1st Dist.] Feb. 21, 2013, orig. proceeding) (denying mandamus relief to compel arbitration after interlocutory appeal was not timely filed). Because an adequate appellate remedy is provided by statute, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.