**Petition for Writ of Mandamus Denied and Memorandum Opinion filed June 30, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-15-00450-CV

---

### IN RE RENT-A-CENTER, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**333rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2014-70912**

---

## MEMORANDUM OPINION

On May 27, 2015, relator Rent-A-Center, Inc. filed a petition for writ of mandamus in this court, in which relator seeks mandamus relief as to the trial court's order denying its Motion to Abate and Compel Arbitration. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Joseph "Tad" Halbach, presiding judge of the 333rd District Court of Harris County, to either: (1) refer the issue of

arbitrability of the underlying proceeding to the arbitrator designated in the arbitration agreement between the parties; or (2) abate the underlying suit and compel the dispute to arbitration.

To be entitled to mandamus relief, a relator must demonstrate that (1) the trial court clearly abused its discretion; and (2) as relevant in the case under review, that the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). Section 51.016 to the Civil Practice and Remedies Code provides that, in a matter subject to the Federal Arbitration Act, a person may take an appeal to the court of appeals from the judgment or interlocutory order of a district court under the same circumstances that an appeal from a federal district court's order or decision would be permitted by title 9, section 16 of the United States Code. Tex. Civ. Prac. & Rem. Code Ann. § 51.016. (West, Westlaw through 2013 3d C.S.). Title 9, section 16 of the United States Code provides, in part, that an appeal may be taken from an order denying an application to compel arbitration. 9 U.S.C. § 16(a)(1)(C). The arbitration agreement at issue, by its own terms, is subject to the Federal Arbitration Act. We conclude that relator has not demonstrated that it has no adequate remedy by appeal. *See In re Smart Call LLC*, No. 14-13-00225-CV, 2013 WL 1197900, at *1–2 (Tex. App.—Houston [14th Dist.] Mar. 26, 2013, orig. proceeding) (mem. op.); *In re Santander Consumer USA, Inc.*, 445 S.W.3d 216, 218–23 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding); *In re Green Tree Servicing, LLC*, No. 04-12-00277-CV, 2012 WL 1744264, at *1 (Tex. App.—San Antonio May 16, 2012, orig. proceeding) (mem. op.); *In re Arrow Freight Mgmt., Inc.*, No. 08-11-00271-CV, 2011 WL 4506691, at *1 (Tex. App.—El Paso Sept.

2

28, 2011, orig. proceeding) (mem. op.). Thus, relator has not established its entitlement to mandamus relief.

Accordingly, we deny relator's petition for writ of mandamus. Because we deny relator's petition for writ of mandamus, we also deny as moot relator's motion for temporary relief requesting a stay of the underlying proceedings.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jamison and Busby.