**Opinion issued November 19, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00645-CV

————————————

**PROPHET RONALD DWAYNE WHITFIELD, Appellant**

**V.**

**CLEAR LAKE NISSAN AND SANTANDER CONSUMER USA, INC.,
Appellees**

On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Case No. 2015-22666

## MEMORANDUM OPINION

Appellant, Prophet Ronald Dwayne Whitfield, proceeding *pro se*, attempts to appeal from an interlocutory order of the trial court, signed on July 24, 2015, granting the motion to compel arbitration and for stay of case filed by appellees Clear Lake Nissan and Santander Consumer USA, Inc. Appellant has filed several

motions, including one seeking a free record and referring to his related mandamus petitions.[1] We dismiss the appeal for want of jurisdiction.

Generally, this Court has civil appellate jurisdiction over final judgments or interlocutory orders specifically authorized as appealable by statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.012, 51.014(a)(1)–(12) (West Supp. 2014); *Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). After a 2009 amendment, the Texas "Civil Practice and Remedies Code provides for immediate, interlocutory review of the *denial* of a motion to compel arbitration under the [Federal Arbitration Act] FAA . . . ." *In re Santander Consumer USA, Inc.*, 445 S.W.3d 216, 217 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding) (emphasis added) (citing, *inter alia*, TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (West Supp. 2011) and 9 U.S.C. § 16(a)(1)(C) (2006)); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 171.098(a)(1) (West Supp. 2014).

However, "[w]hether under the Texas Arbitration Act or the Federal Arbitration Act, there is no interlocutory appeal over an order *granting* a motion to

---

[1] On September 1, 2015, we dismissed appellant's *pro se* mandamus petition challenging this same trial court order, and a similar order in a related case. *See In re Prophet Ronald Dwayne Whitfield*, No. 01-15-00657-CV, No. 01-15-00658-CV, 2015 WL 5136805, at *1 (Tex. App.—Houston [1st Dist.] Sept. 1, 2015, orig. proceeding) (mem. op.).

compel arbitration. As a result, we have no jurisdiction over this appeal and must dismiss it." *Bashaw v. Republic State Mortgage Co.*, No. 01-14-00427-CV, 2014 WL 4374121, at \*1 (Tex. App.—Houston [1st Dist.] Sept. 4, 2014, no pet.) (mem. op.) (emphasis added) (internal quotation marks and citations omitted). The Texas Supreme Court has noted an exception to the no-interlocutory-review rule over orders compelling arbitration in which "[c]ourts may review an order compelling arbitration if the order *also dismisses* the underlying litigation so it is final rather than interlocutory." *In re Gulf Exploration, LLC*, 289 S.W.3d 836, 840 (Tex. 2009) (orig. proceeding) (emphasis added). "Both federal and Texas statutes provide for vacating an arbitration award by *final* appeal if the arbitrators exceeded their powers." *Id.* at 842 (emphasis added).

Here, the notice of appeal and supplemental clerk's record on indigence reveal that no final judgment has been entered in this case. Appellant is attempting to appeal from the trial court's order, signed on July 24, 2015, which granted the appellees' motion to compel arbitration and for stay of case in this breach-of-contract suit, but which did not dismiss the case. Because the trial court's order compelling arbitration did not also dismiss the case, it is an interlocutory order for which we lack jurisdiction, and we must dismiss this appeal. *Cf. In re Gulf Exploration*, 289 S.W.3d at 840; *see Bashaw*, 2014 WL 4374121, at \*1.

3

On September 18, 2015, the Clerk of this Court notified appellant that he needed to file a response showing grounds for this Court's jurisdiction over this appeal within ten days of that notice, or else the appeal would be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). Appellant timely filed a response, but he failed to show grounds for this Court's jurisdiction over this interlocutory appeal. Instead, appellant acknowledged that Texas law does not authorize mandamus review of such orders compelling arbitration and seeks interlocutory review. However, as noted above, appellant can seek to vacate any arbitration award on final appeal if the arbitrator exceeded its powers. *See In re Gulf Exploration*, 289 S.W.3d at 842.

## CONCLUSION

Accordingly, we **dismiss** the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss all pending motions as moot.

## PER CURIAM

Panel consists of Justices Jennings, Keyes, and Bland.