

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-16-00194-CV
_____

IN RE HART OF TEXAS CATTLE FEEDERS, LLC, JAMES MICHAEL HAYES,
INDIVIDUALLY, LYNN LANDRUM, INDIVIDUALLY,
AND HENRY O. PICKETT, II, INDIVIDUALLY, RELATORS

ORIGINAL PROCEEDING

June 2, 2016

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Relators, Hart of Texas Cattle Feeders, LLC, James Michael Hayes, Lynn Landrum, and Henry O. Pickett II, are defendants in the underlying action filed by Real Parties in Interest, George Chapman and Bonsmara Natural Beef Company, LLC, in response to a dispute that stemmed from a cattle feeding and security agreement. Relators have filed their petition for writ of mandamus in which they ask this Court (1) to direct Respondent, the Honorable Kregg Hukill, presiding judge of the 242nd District Court, to vacate his order dated February 16, 2016, by which he denied Relators' Motion to Dismiss and Compel Arbitration, and (2) to instruct Respondent to enforce the

arbitration agreement and stay all proceedings pending arbitration. We will deny Relators' petition.

## Background

As defendants in the suit below, Relators filed their motion to compel arbitration, taking the position that it was their right under the parties' cattle feeding and security agreement and Federal Arbitration Act (FAA) to have the dispute resolved by arbitration. Plaintiffs successfully opposed that motion, and the trial court denied the motion to compel arbitration by order signed February 16, 2016.

## Standard for Issuance of Writ of Mandamus

The standard for the issuance of a writ of mandamus is well established. The writ will issue only if the trial court clearly abused its discretion and, as will be relevant here, the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).

## Interlocutory Appeal Is an Available Remedy

In the recent past, it was common for parties seeking review of an order denying a motion to compel arbitration to file two separate appellate proceedings. *See CMH Homes v. Perez*, 340 S.W.3d 444, 448 (Tex. 2011). Under the Texas General Arbitration Act (TGAA), a party could bring an interlocutory appeal of an order denying arbitration under state law. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.098 (West 2011). However, the Texas Civil Practice and Remedies Code's procedure did not

2

provide for interlocutory appeal of such an order governed by the FAA; a party in that situation could only challenge an order denying arbitration by petition for mandamus. *See CMH Homes*, 340 S.W.3d at 448; *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). As a consequence of this distinction, "unnecessarily expensive and cumbersome" parallel proceedings were the norm in Texas arbitration disputes where parties were unsure which arbitration act applied. *See CMH Homes*, 340 S.W.3d at 448 (citing *Jack B. Anglin*, 842 S.W.2d at 272).

In 2009 and in response to judicial requests to consider amending the TGAA to permit interlocutory appeals of orders governed by the FAA, the Texas Legislature added Section 51.016 to the Texas Civil Practice and Remedies Code. *See* Act of May 27, 2009, 81st Leg., R.S., ch. 820, §§ 1, 3, 2009 Tex. Gen. Laws 2061 (codified at TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (West 2015)); *see also CMH Homes*, 340 S.W.3d at 448. Section 51.016 now authorizes an interlocutory appeal as follows:

> In a matter subject to the Federal Arbitration Act (9 U.S.C. Section 1 et seq.), a person may take an appeal or writ of error to the court of appeals from the judgment or interlocutory order of a district court, county court at law, or county court under the same circumstances that an appeal from a federal district court's order or decision would be permitted by 9 U.S.C. Section 16.

TEX. CIV. PRAC. & REM. CODE ANN. § 51.016. Under Section 51.016, then, our jurisdiction over a particular matter may be shaped by reference to federal law. *See CMH Homes*, 340 S.W.3d at 451. In other words, if federal law would permit an interlocutory appeal of this order, then, per Section 51.016, Texas law will do so as well.

To that end, we look to federal law on the availability of appeal from this particular type of order and see that "[a]n appeal may be taken from an order denying a

3

petition under section 4 of this title to order arbitration to proceed." 9 U.S.C. § 16(a)(1)(B) (2014).[1]  Here, Relators have cited the FAA, specifically citing Section 4, as authority for enforcing the arbitration agreement at issue, and it is likely that the FAA does, in fact, govern the arbitration issues raised here.  We conclude that, under either the TGAA or the FAA, Relators had the right to pursue an interlocutory appeal from Respondent's order denying their motion to compel arbitration.  *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.016, 171.098.

That said, Relators have failed to show that they are without an adequate remedy by appeal, and, therefore, have failed to show they are entitled to the extraordinary relief of mandamus.  *See In re Santander Consumer USA, Inc.*, 445 S.W.3d 216, 221–23 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding).  Accordingly, we deny their petition for writ of mandamus.

## Conclusion

Having concluded that Relators have failed to show that they lack an adequate remedy at law, we deny Relators' petition for writ of mandamus.  *See* TEX. R. APP. P. 52.8(a).

Mackey K. Hancock
Justice

---

[1] More specifically, Section 4 provides, in part, as follows:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4 (2014).