**Opinion issued January 29, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00006-CV

———————————

## IN RE DENNIS WEITZEL, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator Dennis Weitzel has filed a "Notice of Accelerated Appeal of Order Denying Motion to Compel Arbitration and Petition for Writ of Mandamus."[1] We deny the petition.

---

[1] The underlying case is *Michael T. Gallagher and The Gallagher Law Firm, PLLC v. Brent Coon, Individually and Brent W. Coon, P.C. d/b/a Brent Coon and Associates*, cause number 2018-52828, pending in the 164th District Court of Harris County, Texas, the Honorable Alexandra Smoots-Hogan presiding.

Weitzel has filed both a notice of appeal from the challenged order and a petition for writ of mandamus. Weitzel does not state that he has filed his notice of accelerated appeal in the trial court and we are unable to determine whether he has done so. When a party mistakenly files a notice of appeal in an appellate court, "the notice is deemed to have been filed the same day with the trial court clerk, and the appellate clerk must immediately send the trial court clerk a copy of the notice." TEX. R. APP. P. 25.1(a). Accordingly, we have forwarded the notice of accelerated appeal to the trial court clerk.

To be entitled to mandamus relief, a petitioner must show both that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135– (Tex. 2004). The order Weitzel challenges is appealable. *See* TEX. CIV. PRAC. & REM. CODE § 171.098 (providing for appeal of order denying application to compel arbitration), § 51.016 (providing for appeal of interlocutory order denying motion to compel arbitration). Because Weitzel has an adequate remedy by appeal, he is not entitled to mandamus relief. *See In re Santander Consumer USA, Inc.*, 445 S.W.3d 216, 218–19 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding) (observing that interlocutory orders denying motion to compel arbitration are appealable both under the Texas Arbitration Act and Texas Civil Practices and Remedies Code Section 51.016, and

therefore, relator was not entitled to mandamus relief because it had adequate remedy by accelerated appeal).

We deny the petition for writ of mandamus. TEX. R. APP. P. 52.8(a). Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Lloyd, Kelly, and Hightower.