

# NUMBER 13-19-00582-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE FARR BUILDERS, LLC

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Hinojosa and Tijerina
### Memorandum Opinion by Justice Hinojosa[1]

Relator Farr Builders, LLC filed a petition for writ of mandamus in the above cause seeking to compel the trial court to (1) vacate the September 11, 2019 order denying relator's motion to compel arbitration and stay the trial court proceedings; (2) issue an order compelling arbitration and staying the state court proceedings; and (3) vacate all orders rendered after September 11, 2019.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Mandamus is an extraordinary remedy issued at the discretion of the court. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or is a clear abuse of discretion and there is no adequate appellate remedy. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). In deciding whether the benefits of mandamus outweigh the detriments, we weigh the public and private interests involved, and we look to the facts in each case to determine the adequacy of an appeal. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 313 (Tex. 2010) (orig. proceeding); *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 469 (Tex. 2008) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136–37.

Orders denying motions to compel arbitration are subject to interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.016 (providing for appeals in matters subject to the Federal Arbitration Act "under the same circumstances that an appeal from a federal district court's order or decision would be permitted by 9 U.S.C. Section 16"); *id.* § 171.098 (providing for an appeal of an order denying an application to compel arbitration

2

under the Texas Arbitration Act); *Houston NFL Holding L.P. v. Ryans*, 581 S.W.3d 900, 903 (Tex. App.—Houston [1st Dist.] 2019, no pet.); *see also* 9 U.S.C.A. § 16; *In re Granchelli Constr., LLC*, No. 13-18-00460-CV, 2018 WL 4056990, at *1–2 (Tex. App.—Corpus Christi–Edinburg Aug. 24, 2018, orig. proceeding) (mem. op.); *In re Dallas Food & Beverage, LLC*, No. 05-17-00643-CV, 2017 WL 2610040, at *1 (Tex. App.—Dallas June 16, 2017, orig. proceeding) (mem. op.); *In re Hart of Tex. Cattle Feeders, LLC*, No. 07-16-00194-CV, 2016 WL 3180436, at *2 (Tex. App.—Amarillo June 2, 2016, orig. proceeding) (mem. op.).  Because relator had an adequate remedy by appeal, it is not entitled to mandamus relief.  *See In re Santander Consumer USA, Inc.*, 445 S.W.3d 216, 218–19 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding) (refusing to grant mandamus relief for an order denying a motion to compel arbitration where relator challenged the trial court's order after expiration of the time for filing an interlocutory appeal); *see also In re Granchelli Constr., LLC*, 2018 WL 4056990, at *1–2; *In re Dallas Food & Beverage, LLC*, 2017 WL 2610040, at *1.

The Court, having examined and fully considered the petition for writ of mandamus, the record, and the applicable law, is of the opinion that the relator has not met its burden to obtain mandamus relief.  Accordingly, we DENY the petition for writ of mandamus and all relief sought therein.

LETICIA HINOJOSA
Justice

Delivered and filed the
15th day of November, 2019.

3