**Denied and Opinion Filed February 24, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00015-CV

### IN RE BABY DOLLS TOPLESS SALOONS, INC. AND BURCH MANAGEMENT COMPANY, INC., Relators

**Original Proceeding from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-00644**

## MEMORANDUM OPINION

Before Justices Schenck, Partida-Kipness, and Nowell
Opinion by Justice Partida-Kipness

Before the Court is relators' January 6, 2020 petition for writ of mandamus in which relators complain of the trial court's denial of their motion to compel arbitration pursuant to the Federal Arbitration Act. Entitlement to mandamus relief requires relators to demonstrate two things: an abuse of discretion by the trial court, and the absence of an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Relators' previously-filed interlocutory appeal negates their ability to demonstrate the second requirement.

We provide this memorandum opinion[1] because the dissent abandons our mandamus standard and, under the cloak of a "delay" that our colleague contends results from this Court's administrative procedures, criticizes another panel of this Court that denied, without prejudice, a request for an interlocutory stay.

Before filing this original proceeding, relators filed an accelerated appeal regarding the trial court's denial of their motion to compel arbitration as our legislature expressly authorized when it enacted Tex. Civ. Prac. & Rem. Code § 51.016. In their appeal, relators—appellants in that proceeding—filed a motion on December 9, 2019 requesting that this Court stay the trial court proceedings until we resolve their appeal. In the motion to stay, appellants informed us they were requesting a stay from this Court because the first available date for a hearing in the trial court for such a motion, January 27, 2020, was too far away. Appellants did not, however, provide information regarding pending discovery deadlines or upcoming trial proceedings. Nor did they attempt to explain why a January hearing in the trial court imperiled their rights. The motion to stay was assigned to three of our colleagues who serve on a panel assigned to quickly review and resolve such motions. On January 3, 2020, that motions panel denied the motion to stay in the interlocutory appeal. Although the order states that it is denied without prejudice, appellants have not re-urged the motion in their interlocutory appeal.

---

[1] *See* TEX. R. APP. P. 52.8(d).

On January 6, 2020, relators filed this original proceeding in which they seek the same relief requested in their accelerated appeal: vacatur of the order denying the motion to compel arbitration and rendition of an order compelling the parties' claims to arbitration. And, without filing a separate motion, relators requested in their prayer that this Court "grant their Motion for an Immediate Stay of All Proceedings in the Trial Court Pending Appeal and Petition for Writ of Mandamus, and issue a conditional mandamus to the trial court to vacate its order" denying their motion to compel arbitration. Relators neither argued for, nor provided any authorities in support of, a stay and did not file a motion for stay in this original proceeding. Even if we treated relators' prayer as such a motion, however, denial of the petition requires that we also deny the requested stay as moot. *See, e.g., In re Sanni*, No. 01-13-00144-CV, 2013 WL 1858862, at \*1 (Tex. App.—Houston [1st Dist.] May 2, 2013, orig. proceeding) (mem. op.) (denying petition for writ of mandamus and denying all pending motions as moot).

Nonetheless, under the guise of a "delay," our dissenting colleague asserts that he would, and we should, grant a stay of the underlying proceeding while we consider relators' petition. But granting a temporary stay and requesting a response to the petition cannot cure the defect in relators' petition ignored by the dissent: the existence of an adequate remedy on appeal. *See In re Dallas Food & Beverage, LLC d/b/a Bucks Cabaret*, No. 05-17-00643-CV, 2017 WL 2610040 (Tex. App.—Dallas June 16, 2017, orig. proceeding) (mem. op.) (citing *In re Santander Consumer USA,*

–3–

*Inc.*, 445 S.W.3d 216, 223 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding) (adequate remedy exists where motion denying arbitration complained of in mandamus is subject to interlocutory appeal)). Moreover, relators do not argue in this proceeding that this Court's denial of a stay in the interlocutory appeal rendered their appeal inadequate. They complain only about the trial court's denial of their motion to compel arbitration. That issue has been briefed in the interlocutory appeal and will be decided by the panel of justices assigned to decide that appeal, which is just as the legislature intended when it enacted section 51.016 and provided for an interlocutory appeal of an order denying a motion to compel arbitration. Because we follow the rule of law, we, as one panel of this Court, will not depart from this Court's prior holding that mandamus will not issue when the legislature has expressly provided an adequate remedy by appeal. *MobileVision Imaging Serv., L.L.C. v. LifeCare Hosps. of N. Tex., L.P.*, 260 S.W.3d 561, 566 (Tex. App.—Dallas 2008, no pet.) ("We may not overrule a prior panel decision of this Court absent an intervening change in the law by the legislature, a higher court, or this Court sitting en banc.").

The dissent also suggests that because section 171.025 of the civil practice & remedies code[2] does not specify which court should grant the mandatory stay, we,

---

[2] TEX. CIV. PRAC. & REM. CODE ANN. § 171.025 ("The court *shall* stay a proceeding that involves an issue subject to arbitration if an order for arbitration or an application for that order is made under this subchapter.") (emphasis added).

or perhaps our colleagues who considered the motion to stay filed in the interlocutory appeal, have a non-discretionary obligation to grant such a stay even if no such request was first presented to the trial court. But section 171.025 speaks to *the* court, not *a* court, in which applications for arbitration are filed. Those applications are filed in trial courts, and interpreting section 171.025 to require the same with respect to a request for a stay imposes no unreasonable burden on these litigants. More importantly, we cannot divorce the incidental relief of a stay from our mandamus standard, and we will not grant a stay in a mandamus proceeding when relators' petition discloses an obvious bar to mandamus relief.

Further, we, unlike our dissenting colleague, will not issue an advisory opinion regarding whether relators may demonstrate, in their appeal, that the trial court abused its discretion. We trust that our colleagues who will be assigned to preside over relators' appeal once briefing is complete will correctly determine and apply the law to the issues presented there.

Finally, we respond to the dissent's assertions regarding "the delay occasioned by [this Court's] case assignment regime." The panel assigned to consider appellants' motion for an emergency stay in the appeal ruled twenty-four days after the motion was filed. In this proceeding, based on the clarity of our precedent, all but our dissenting colleague were prepared to issue an opinion *within two days* of the date on which the petition was filed. Any delay in this proceeding was caused

not by any inefficiencies, administrative "structures," or unique case assignment protocols, but solely by our dissenting colleague.

Moreover, the legislature decided in 2009 when it enacted section 51.016 that these orders should be reviewed through an interlocutory appeal rather than the traditionally more-expedited mandamus review. In doing so, the legislature made a policy decision regarding the speed at which orders denying motions to compel arbitration should be reviewed and the options for temporary relief available to a party appealing such an order. Relators have avenues available to them for obtaining a stay of the underlying proceedings while their appeal is pending; mandamus review is simply not one of them. Relators can set their motion for stay for hearing in the trial court or file a second motion for temporary relief in the interlocutory appeal. Our review of the docket sheets in both of those proceedings reveals, however, that relators have taken no further steps to seek a stay of the underlying proceedings in either case. Further, they have not alleged in this proceeding why the appeal is inadequate or provided any basis for their one-sentence request for a stay order.

Mandamus is an extraordinary remedy issued only in limited and rare circumstances. *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding). Relators fail to demonstrate their entitlement to the remedy, and the dissent chooses to explore contrived administrative difficulties and federal law rather than acknowledge the existence of an obvious adequate appellate remedy. There is simply no legal or equitable basis for this Court to provide relators with

extraordinary relief here. Accordingly, we deny the petition for writ of mandamus, and to the extent a motion for stay is included in the petition, deny it as well.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Schenck, J., dissenting.

200015F.P05