**Opinion issued March 2, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00124-CV

————————————

## IN RE JUNIPER CAPITAL II, LP, JUNIPER CAPITAL III, LP, JUNIPER PRE HOLDINGS, LLC, PECOS RIVER EXPLORATION HOLDINGS, LLC, BRAZOS RIVER EXPLORATION, LLC, AND STATE LINE EXPLORATION HOLDINGS, LLC., Relators

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relators have filed a petition for writ of mandamus challenging the trial court's interlocutory order denying relators' motion to compel arbitration.[1] In

---

[1] The underlying case is *MLB Oil & Gas Management LLC and MLB Pecos River Exploration LLC v. Juniper Capital II, LP, Juniper Capital III, LP, Juniper PRE Holdings, LLC, Pecos River Exploration Holdings, LLC, Brazos River Exploration, LLC, and State Line Exploration Holdings, LLC*, cause number 2023-07326, pending in the 270th District Court of Harris County, Texas, the Honorable Debra Davis presiding.

conjunction with the mandamus petition, relators have filed a motion requesting a stay of proceedings in the underlying case pending our decision on the petition.

To be entitled to mandamus relief, a relator must demonstrate that the trial court abused its discretion and there is no adequate remedy by appeal. *See In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004). Here, the interlocutory order relators seek to challenge by mandamus—the denial of a motion to compel arbitration—is subject to immediate appeal. *See* TEX. CIV. PRAC. & REM. CODE §§ 51.016 (providing for appeal of interlocutory order denying motion to compel arbitration under Federal Arbitration Act); 171.098 (providing for appeal of interlocutory order denying application to compel arbitration under Texas Arbitration Act). Appeals from interlocutory orders are accelerated. TEX. R. APP. P. 28.1(a).

Relators have filed a notice appeal from the same order challenged in their mandamus petition and, as in this original proceeding, have filed a similar motion in the pending accelerated appeal requesting a temporary stay of proceedings during the appeal. After considering the parties' briefs, our Court issued an order granting a temporary stay pending the appeal. Given relators' pending accelerated appeal from the challenged order and our granting of a temporary stay pending the appeal, we conclude that relators have an adequate remedy by appeal.

Accordingly, we deny the mandamus petition because relators have an adequate remedy by appeal. *See*, *e.g.*, *In re Weitzel*, 2019 WL 347176, at *1 (Tex. App.—Houston [1st Dist.] Jan. 29, 2019, orig. proceeding) (denying mandamus petition challenging denial of motion to compel arbitration because order is appealable) (citing *In re Santander Consumer USA, Inc.*, 445 S.W.3d 216, 218-19 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding)). Relators' motion for a stay of proceedings pending our decision on the mandamus petition is dismissed as moot.

**PER CURIAM**

Panel consists of Justices Landau, Countiss, and Guerra.