**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00117-CV**
_____

**IN RE GRAND PARKWAY INFRASTRUCTURE, LLC**

**Original Proceeding**
**253rd District Court of Liberty County, Texas**
**Trial Cause No. 22-DC-CV-00421**

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, Grand Parkway Infrastructure, LLC argues that the trial court abused its discretion by denying its timely filed motion to compel arbitration, which it incorporated in its Original Answer, filed on May 2, 2022. According to Grand Parkway, the trial court conducted a hearing on its motion to compel on November 9, 2023, and denied it the same day. We deny Grand Parkway's petition.

We may grant a petition for mandamus to correct a trial court's abuse of discretion when the party may not obtain adequate relief through the exercise of its

1

right to file an ordinary appeal.[1] An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for the guiding legal principles or supporting evidence.[2] We determine the adequacy of an appellate remedy by balancing the benefits of reviewing the petition for mandamus against the detriments of conducting that review.[3] Mandamus review may be available if the relator establishes the trial court prevented the relator from filing an accelerated appeal.[4]

No written order appears in the record that Grand Parkway filed to support its petition. That said, Grand Parkway represented in its petition that the trial court denied its motion to compel arbitration on November 9, 2023. When a trial court rules on a motion to compel arbitration, its ruling is subject to appeal.[5] However, for the appeal to be timely it must be filed within twenty days after the trial court signs the order in which it rules on the motion to compel.[6] The record that Grand Parkway

---

[1] *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding).

[2] *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding).

[3] *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

[4] *In re SAM-Construction Servs., LLC*, No. 09-22-00363-CV, 2022 WL 17844022, at *7 (Tex. App.—Beaumont Dec. 22, 2022, orig. proceeding) (mem. op.).

[5] Tex. Civ. Prac. & Rem. Code Ann. § 171.098

[6] Tex. R. App. P. 26.1(b).

filed to support its petition doesn't show whether it attempted to file a notice to appeal and doesn't show the trial court has yet signed a written order denying Grand Parkway's motion to compel.

In its petition for mandamus relief, Grand Parkway notes that the general rule is that mandamus relief is unavailable when a party has an adequate remedy to correct the trial court's ruling by filing an interlocutory accelerated appeal.[7] Grand Parkway neither explains why an accelerated appeal isn't available here, nor does it explain why it lacks an adequate remedy at law. For instance, Grand Parkway hasn't complained that the trial court is refusing to reduce its oral ruling to writing, nor has it argued that by virtue of any delay by the trial court in sending Grand Parkway notice of the fact that its motion to compel had been denied, Grand Parkway was deprived of the opportunity to file an interlocutory accelerated appeal.[8]

To prevail on its petition seeking mandamus relief, the relator must explain why an ordinary appeal isn't sufficient to remedy the trial court's alleged abuse of discretion.[9] In particular, if a party fails to appeal from a trial court's interlocutory

---

[7]*See* Tex. Civ. Prac. & Rem. Code Ann. § 51.016.

[8]*See In re Whataburger Restaurants LLC*, 645 S.W.3d 188, 193 (Tex. 2022) (orig. proceeding) (granting mandamus relief when trial court failed to give notice that it had signed an order refusing to compel arbitration then refused to vacate that order and reconsider the real party in interest's challenge to the arbitration provision as illusory).

[9]*See In re Santander Consumer USA, Inc.*, 445 S.W.3d 216, 222–23 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding).

order denying a motion to compel arbitration, which we can't necessarily say is what occurred here, it must explain why it did not file an accelerated appeal.[10]

To sum up: Grand Parkway hasn't explained why an accelerated appeal from the trial court's denial of its motion to compel arbitration is unavailable. It also hasn't explained why an accelerated appeal from the trial court's order denying its motion provides it with an inadequate remedy to correct what it argues amounted to an abuse of discretion.

Because Grand Parkway hasn't established it is entitled to relief, its petition for mandamus is denied.[11]

PETITION DENIED.

PER CURIAM

Submitted on April 24, 2024
Opinion Delivered April 25, 2024

Before Golemon, C.J., Horton and Johnson, JJ.

---

[10]*See In re Epic Custom Homes, Ltd.*, No. 01-22-00854-CV, 2023 WL 2656750, at *1 (Tex. App.—Houston [1st Dist.] Mar. 28, 2023, orig. proceeding).
[11]*See* Tex. R. App. P. 52.8(a).